**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

DANIEL HARGROVE,                       :
                                       :
                 Plaintiff             :
                                       :
vs.                                    :
                                       :
STATE OF GEORGIA, *et al.*,            :        NO. 5:11-CV-349 (CAR)
                                       :
                                       :
                 Defendants            :        **O R D E R**
_____

        Plaintiff **DANIEL HARGROVE**, a prisoner at Hancock State Prison (AHSP@), has

filed a *pro se* civil rights complaint under 42 U.S.C. ▪ 1983.   Plaintiff also seeks leave to

proceed without prepayment of the $350.00 filing fee (Doc. 6).   Based on Plaintiffs

submissions, the Court finds that Plaintiff is unable to prepay the filing fee.   Accordingly,

the Court **GRANTS** Plaintiffs motion to proceed *in forma pauperis* and waives the initial

partial filing fee pursuant to 28 U.S.C. ▪ 1915(b)(1).

        Plaintiff is nevertheless obligated to pay the full filing fee, using the installment

payment plan described in 28 U.S.C. ▪ 1915(b).   The prison account custodian shall

cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding

months income credited to Plaintiffs account (to the extent the account balance exceeds

$10) until the $350 filing fee has been paid in full.   The Clerk of Court is directed to send

a copy of this order to the business manager of the HSP.

1

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. ' 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint Awhich seeks redress from a governmental entity or officer or employee of a governmental entity.@  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) Afrivolous, malicious, or fails to state a claim upon which relief may be granted@ or (2) Aseeks monetary relief from a defendant who is immune from such relief.@

A claim is frivolous when it appears from the face of the complaint that the factual allegations are Aclearly baseless@ or that the legal theories are Aindisputably meritless.@ *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).   A complaint fails to state a claim when it does not include Aenough factual matter (taken as true)@ to Agive the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]@ *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that A[f]actual allegations must be enough to raise a right to relief above the speculative level,@ and that the complaint Amust contain something more . . . than Y a statement of facts that merely creates a suspicion [of] a legally cognizable right of action@ (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that Athreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice@.   In making the above determinations, all factual allegations in the complaint

must be viewed as true.   ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004).

Moreover, A[p]ro se pleadings are held to a less stringent standard than pleadings drafted

by attorneys and will, therefore, be liberally construed.@   ***Tannenbaum v. United States***,

148 F.3d 1262, 1263 (11th Cir. 1998).    In order to state a claim for relief under section

1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege,

or immunity secured by the Constitution or a statute of the United States; and (2) the act

or omission was committed by a person acting under color of state law.   ***Hale v.***

***Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these

requirements, or fails to provide factual allegations in support of his claim or claims, then

the complaint is subject to dismissal.   ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84

(11th Cir. 2003) (affirming the district courts dismissal of a section 1983 complaint

because the plaintiffs factual allegations were insufficient to support the alleged

constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any

portion thereof, that does not pass the standard in section 1915A Ashall@be dismissed on

preliminary review).

## II. *DISCUSSION*

On September 14, 2011, the Court ordered Plaintiff to file his complaint on the

Courts section 1983 form and to name valid Defendants and state in detail how each

Defendant violated Plaintiffs constitutional rights (Doc. 8).   Plaintiff has submitted his

claims on this Courts standard section 1983 complaint form and named the following

3

Defendants:   State of Georgia, Secretary of State of Georgia, Secretary of Treasury of Georgia, Governor of Georgia, District Attorney of Georgia and Fulton County, Commissioner for the Georgia Department of Corrections, and State of Ohio.

The bulk of Plaintiff=s complaint is nonsensical.   The following is representative of Plaintiff=s allegations:

> Because of the U.S. Bankruptcy, Emergency Banking Relief Act, Mar. 9, 1933, Sect. 4, Public Law 89-719, I am now recognizing and taking action to redeem the debtor, Daniel Hargrove ens legis, and all property pledged to take control, to file notice and to lien all the property and to restore true rights titles and interests and to sever the commercial bondage and acquire the standing and capacity to discharge all fines, fees, taxes, debts, and judgments, of the debtor due to the U.S. bankruptcy.   When I was the owner of property, registered it with the U.S. or one of its subdivisions, State of Georgia/Ohio, I had possession but the U.S. and the State[s] of Georgia and Ohio held, and now illegally holds and invested the title of the title and made a profit.   Because I did not authorize the U.S., State of Georgia, State of Ohio, nor its agents, to invest the legal title, the profits from the title, the all CAPITOL lettered named corporation, and investment belongs to me.

As relief, Plaintiff asks this Court to allow Plaintiff to Ause the U.S.=s/State of Georgia=s/State of Ohio=s insurance policy, HOR-192/UCC1-104/UCC-10-104, and if not sue for $400,000,000.   Four Hundred Million dollars or Control the Debtor/Title/Fiction.@

Plaintiff=s allegations, on their face, are Afanciful,@Afantastic,@and Adelusional,@and therefore factually frivolous.   The Supreme Court has explained that Aa finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the

wholly incredible.@  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).   In the midst of his nonsensical allegations, Plaintiff summarily objects to the State of Georgia collecting $1.00 per month, presumably in administrative fees, $4.00 for each disciplinary report, and $5.00 for each medical visit.   The Court finds such fees reasonable and not unconstitutional.  *See e.g., City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 245 n.7 (1983) (çNothing we say here affects any right a hospital or government entity may have to recover from a detainee the cost of medical services provided to him.ç); *Frady v. Donald*, 5:06-cv-218 (CAR) (M.D. Ga. July 10, 2006).

When a more properly pleaded complaint may withstand the frivolity review, this Court typically allows a *pro se* plaintiff to submit a recast complaint.   Even construed liberally and assuming it were more artfully drafted, however, Plaintiffs complaint does not set forth any valid claim against the Defendants.[1]

Lastly, with the exception of damages to which Plaintiff is not entitled, the Court notes that Plaintiff seeks relief that this Court cannot provide.

---

[1]

Because Plaintiff references a Nfraudulent indictment,@it is possible he wishes to challenge his conviction or sentence arising in Fulton County.   If so, he must file a petition for writ of habeas corpus under 28 U.S.C. " 2254.   Plaintiff has previously had a habeas petition denied as time-barred.  *See Hargrove v. Smith*, 1:05-cv-815-WBH (N.D. Ga.  2005).   Plaintiff may not bring a successive petition without first seeking permission from the Eleventh Circuit Court of Appeals as required by 28 U.S.C. "" 2244(b)(3)(A), 2254of.   If the Eleventh Circuit were to grant Plaintiff permission to file a successive habeas petition, said petition should be filed in the United States District Court for the Northern District of Georgia, where Fulton County, Georgia is located.  *See* 28 U.S.C. " 90(a)(2).

### III.   CONCLUSION

Based on the foregoing, the instant complaint is hereby **DISMISSED** as frivolous under 28 U.S.C. ▪ 1915A.

**SO ORDERED**, this 28th day of September, 2011.

S/   C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

cr